## MICHAEL v. PASSIOS.

*Landlord and tenant—Assignment of lease by lessee consented to by lessor—Original lessee not released by lessor accepting rent from assignee, when—Finding that lessor agreed to release lessee against weight of evidence.*

1. Where evidence showed only that assignee of lessee took possession of premises and paid several months rent to lessor, finding that lessor accepted assignee as tenant and agreed to release lessee from liability on lease *held* against weight of evidence.

2. Mere assignment of lease by lessee, and consent to same by lessor, followed by acceptance of rent from assignee, does not release original tenant from liability on lease for rent.

(Decided January 17, 1927.)

ERROR: Court of Appeals for Lucas county.

*Mr. Joseph G. Gluck,* for plaintiff in error.
*Mr. L. W. Hunt* and *Messrs. Conn & Holloway.*
for defendant in error.

RICHARDS, J.   The plaintiff in error brought the original action to recover an amount of rent claimed to be due from the defendant as lessee. The defendant set up an assignment of the lease to a third party, and claimed that the plaintiff had assented to the assignment and agreed to release him as tenant and accept the assignee as tenant. This contention was denied by the reply. The trial resulted in a verdict and judgment for the defendant.

The evidence discloses that the plaintiff and the defendant entered into a written lease for the period of five years from July 3, 1923, at a rental of $175 per month for the first three years, and $200 per month for the remaining two years. The lease contains a provision that it shall not be assigned without the written consent of the lessor.

In the spring of 1924 the defendant sold out his business to one Louis Morphis, and thereupon went to the plaintiff and informed him that he had done so. The defendant testifies: "I told him I was going to sell the place, and he said it was all right with him." Later defendant states: "He told me it was all right to sell and didn't ask who I was going to sell to."

The defendant testifies that he asked the landlord if he would transfer the lease, and says the landlord answered: "I will transfer it." Later on, the lessee produced to the lessor a duplicate of the lease, on which there had been indorsed a typewritten assignment of the lease by the tenant,

but it did not name the party to whom the lease was transferred. The indorsement also contained a typewritten consent to the assignment to be signed by the lessor, but this consent was never signed by him, although both the lessee and the assignee testify that the lessor agreed to sign the written consent to the assignment of the lease. The assignee testifies that he frequently asked the lessor to sign the consent to the transfer of the lease, and states that the lessor always promised to do so, and that the assignee understood he was to have the same kind of a lease that the tenant had.

After the assignee took possession of the premises and began conducting the business therein, he paid the rent for several months to the lessor, the checks reciting that they were given on account of rent and lease on these premises. This is substantially all of the evidence relating to the claimed consent of the plaintiff to accept the assignee as his tenant and release the defendant from liability on the lease. The jury by its verdict must have found that the plaintiff had agreed to release the original tenant and accept Louis Morphis in his stead, and a finding to that effect is manifestly and clearly against the weight of the evidence.

The law has long been settled that a mere assignment of a lease by the lessee, and a consent to the same by the lessor, followed by the acceptance of rent from the assignee, do not release the original tenant from liability on the covenants contained in his lease for the payment of rent. 16 Ruling Case Law, 843, Section 343; 36 Corpus Juris, 371, Section 1227; *Taylor* v. *De Bus,* 31 Ohio St., 468; *Harmony Lodge* v. *White,* 30 Ohio St., 569, 27 Am.

Rep., 492; *Blosser* v. *Enderlin*, 113 Ohio St., 121, 148 N. E., 393.

There was no motion for a directed verdict for the plaintiff. The only two issues in this case were the issue of surrender and substitution, and the issue as to the amount due the plaintiff.

The verdict and judgment are manifestly contrary to the weight· of the evidence, and for this reason the judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CULBERT and WILLIAMS, JJ., concur.