## WIELAND et v. SEIDNER et.

Ohio Appeals, 6th Dist.. Erie Co.

No. 258. Decided Apr. 28, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**941. PRACTICE AND PROCEDURE—85. Appeal.**
Where appeal bond is filed after court in fact acted in determining what its finding and judgment would be and in fixing appeal bond, but prior to filing of journal entry, motion to dismiss appeal will be overruled.

**903. PAYMENT.**
Where record discloses that it is proven by preponderance of evidence that payment of unpaid balance was in fact made, decree will be for defendant.

Appeal from Common Pleas.
Petition dismissed.

Deutsch & Dilgren, Elyria, for Wieland et. J. F. Hertlein and H. L. Peeke, Sandusky, for Seidner et.

### FULL TEXT.

WILLIAMS, J.
This cause has been submitted upon a motion to dismiss the appeal and argued upon its merits with the understanding that if the motion to dismiss the appeal is overruled, a final decree will be entered in the cause upon the evidence taken and submitted.

We first consider the question made by the motion to dismiss the appeal. Plaintiff contends that the motion should be sustained upon the authority of Mullens v. Webb, 25 Ohio App. 41 (Ohio Law Bulletin & Reporter of November 28, 1927). The journal entry of the judgment and decree appealed from was filed in the court of common pleas on November 4, 1927, and recites that the final judgment and decree was rendered and appeal bond fixed at $200.00 on October 27, 1927. This recital is in accordance with that on the court trial docket in the handwriting of the trial judge. The appeal bond was filed November 2nd, 1927.

The opinion in the case of Mullens v. Webb, supra, does not disclose whether or not the appeal bond was filed subsequent to the time of the action of the trial judge in rendering judgment and decree and in fixing the appeal bond. We are aware of the decisions of the Supreme Court of Ohio holding that a court speaks from its journal and that the judgment is rendered at the time of the filing of the journal entry thereof. Though the court speaks by its journal, yet when it speaks, it speaks the truth upon the well-known principle that the records of the court import absolute verity. The appeal bond in this case was filed after the time that the court in fact acted in determining what its finding and judgment would be and in fixing the appeal bond, and the appeal bond was on file and remained on file in the office of the clerk of the court during the thirty day period fixed by G. C. Section 12226. We think the situation is in law and equity the same as if the appellant had handed his appeal bond to the clerk with instructions to hold it until the journal entry was filed and then file it, and such instructions were followed.

There is a conflict of authority upon the question involved and we adopt the construction which will save appellant his rights, because such construction is more consonant with fairness and justice. We hesitate to adopt so technical a construction of the section involved as would take the right of appeal from those litigants who in good faith attempt to appeal and file an appeal bond after the judgment and the decree of the court has been pronounced from the bench and the amount of the appeal bond fixed. Motion to dismiss the appeal will be overruled.

The action is one to foreclose a vendor's lien for the amount of the alleged unpaid purchase price agreed to be paid for real estate sold by the plaintiff, George Wieland, to the defendants, Michael Seidner and Sadie Seidner. When the deed was delivered for the real property in question, $1,000 of the purchase price remained unpaid. The defense made by the defendants Michael Seidner and Sadie Seidner, was that a note for $1,000, covering the amount unpaid was given by them to the plaintiff George Wieland and that upon a specified date the plaintiff, George Wieland, agreed to take $950 cash in full settlement of the amount due, principal and interest; that the defendant Michael Seidner had some money in his possession, that he went to the office of a loan company and obtained the balance of the $950 and paid the whole amount agreed on over to the plaintiff George Weiland and received from the plaintiff Wieland the note in return and walked to the front of the store and tore it up and, as he said, scattered it to the four winds. The plaintiff, George Wieland, denies the transaction relating to the payment in toto and claims that no note for the unpaid balance of the purchase price was ever given. An examination of the record discloses that it is proven by a preponderance of the evidence that payment of the unpaid balance was in fact made.

Decree is therefore entered in favor of the defendants dismissing the petition.

(Richards and Lloyd, JJ., concur.)